UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOREN WICKER,

       Plaintiff,        CIVIL ACTION NO. 05-CV-70622-DT

  vs.

                              DISTRICT JUDGE ARTHUR J. TARNOW

                              MAGISTRATE JUDGE DONALD A. SCHEER

PATRICIA CARUSO,
PAUL RENICO,
LIA GULICKA and
K. ALRIDGE,

       Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**: The instant prisoner civil rights Complaint alleging a failure to honor a request to transfer funds from his prison account to his mother should be dismissed on the basis of the statute of limitations.

                            \*    \*    \*

Plaintiff, Loren Wicker, a state prisoner currently incarcerated at the Mid-Michigan Correctional Facility[1], filed the instant prisoner civil rights suit, pursuant to 42 U.S.C. § 1983, on February 17, 2005, against the above named Defendants, who are employed by the Michigan Department of Corrections. In his Complaint, Plaintiff alleged that his federal constitutional rights were violated when the Defendants failed to honor a request he made in October 2001, to transfer funds from his prison account to his

---

[1] Plaintiff is still incarcerated at the Mid-Michigan Correctional Facility in St.Louis, Michigan.

mother. The funds in his prison account, he asserts, were the result of payments made to him from the Veterans' Administration, and were protected from assignment or alienation. Claiming violation of 38 U.S.C. § 1505 and his federally protected due process rights, Plaintiff sought declaratory and injunctive relief as well as compensatory and punitive damages. Plaintiff filed a separate Motion for a Preliminary Injunction on February 17, 2005.

## STATUTE OF LIMITATIONS

It is well settled that the limitations period for § 1983 claims is the state's general or residual statute applicable to personal injury actions. Owens v. Okure, 488 U.S. 235, 2490-250 (1989); Wilson v. Garcia, 471 U.S. 261, 268-270 (1985); Carrol v. Wilkerson, 782 F.2d 44 (6th Cir. 1986)(all section 1983 claims should be characterized in the same way for limitations purposes and such claims are best characterized as personal injury claims).

Michigan has a three-year statute of limitations for personal injury claims. MCLA § 600.5805(8). Plaintiff, in the instant case, commenced his action on February 17, 2005, more than three years after the events of October 31, 2001, upon which his claims are based (See ¶17 of the Complaint and attached Exhibit F). Since Plaintiff has not asserted that the three year statute of limitations was tolled[2] by any applicable statutory disability, the

---

[2]While Plaintiff has been in prison since the cause of action accrued, he still cannot raise an imprisonment disability claim in response to a statute of limitations defense. The imprisonment disability statute was amended in 1993 notifying all prisoners that they had one year from April 1994, the effective date of the

claims against all the Defendants should be dismissed as time barred.

Alternatively, Plaintiff's due process rights were not violated.  The State of Michigan Treasurer obtained a state court judgment on January 14, 2002, allowing the seizure of funds from Plaintiff's prison account.  The state court ruled that the money sent to Plaintiff by the Veterans' Administration while he was in prison was not protected from assignment, and could be appropriated to reimburse the State of Michigan for the costs of his confinement in a state correctional facility (See Exhibit D attached to Complaint). While Plaintiff filed a Motion for Reconsideration with the circuit court judge, he did not file a timely appeal with Michigan's appellate courts. Plaintiff's attempt to collaterally attack the Michigan state court judgment by filing the instant § 1983 suit is a violation of the Rooker-Feldman doctrine, which prohibits a federal district court from reviewing a state court order for alleged federal law errors.[3]  Accordingly, the instant

---

amendment, to bring any cause of action that may have accrued. MCLA 600.5851(9). For causes of action arising after April 1994, the standard three year statute of limitations applies. Paige v. Pandya, 238 F.3d 423 (Table) 2000 WL 1828653 (6th Cir. 2000); Wallace v. Engler, 1997 WL 111777 (E.D. Mich 1997). Here, Plaintiff's February 2005, filing date falls outside the 1 and 3 year windows following the effective date of the amendment.

[3]Rooker-Feldman is the name for the doctrine which holds that federal courts below the United States Supreme Court may not exercise appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are "inextricably intertwined" with issues decided in state court proceedings. D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983).  The Sixth Circuit has adopted the rationale "that a federal claim is 'inextricably intertwined' with a state court judgment and thus implicates Rooker-Feldman when 'the federal claim

prisoner civil rights Complaint alleging a failure to honor a request to transfer funds from his prison account to his mother should be dismissed on the basis of the statute of limitations and, alternatively, as a violation of the Rooker-Feldman doctrine. Given this recommendation, Plaintiff's Motion for a Preliminary Injunction (Docket #2) should be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

<u>s/Donald A. Scheer</u>
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: June 9, 2005

---

succeeds only to the extent that the state court wrongly decided the issues before it[.]' " <u>Peterson Novelties, Inc.</u>, 305 F.3d at 393.

CERTIFICATE OF SERVICE

      I hereby certify on June 9, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 9, 2005. Loren Wicker, Victoria A. Reardon.

                                       <u>s/Michael E. Lang</u>
                                       Deputy Clerk to
                                       Magistrate Judge Donald A. Scheer
                                       (313) 234-5217