# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LOREN WICKER,

       Plaintiff,

                                   Case No. 05-70622

v.

                                   Honorable Arthur J. Tarnow

PATRICIA CARUSO, et al.,          United States District Judge

            Defendants.            Magistrate Judge Donald A. Scheer

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT
## AND RECOMMENDATION [18] AND DISMISSING CASE

Before the Court is a Report and Recommendation, in which the magistrate recommends dismissing this case on the basis that it is time-barred or, in the alternative, based on the *Rooker-Feldman* doctrine. Plaintiff, Loren Wicker, has filed objections.

The Court agrees with the magistrate that the *Rooker-Feldman* doctrine, which is jurisdictional in nature, precludes this lawsuit. Even if *Rooker-Feldman* did not apply, the suit would be time-barred.

The parties agree that the applicable statute of limitations is three years. The magistrate opines that the statute began to run in October 2001, when the events giving rise to the claim occurred. In his objections, Wicker asserts that the statute did not begin to run until he exhausted his administrative remedies. This, he asserts, occurred "on or around" April 2002.

Wicker is correct that, because prisoners are required to exhaust available

*Wicker v. Caruso*
05-70622

administrative remedies prior to filing a lawsuit, the limitations period is tolled during the period of exhaustion. *See Brown v. Morgan,* 209 F.3d 595 (6th Cir. 2000). However, Wicker did not attach a copy of his stage III grievance response. Nor did he explain why a copy of the response is unavailable. Therefore, this Court cannot conclude that the statute began to run "on or around" April 2002. The last documented response from the Department of Corrections is dated December 17, 2001. Thus, *at the latest*, the statute of limitations began to run on that date. This lawsuit, filed on February 17, 2005, is untimely.

The R&R is **ADOPTED** and supplemented in accordance with this order. This case is hereby **DISMISSED.**[1]

**IT IS SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: August 3, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2005, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager

---

[1]Wicker's motion for injunctive relief, filed conjointly with his complaint, is nullified by this dismissal order.

-2-

*Wicker v. Caruso*
05-70622